**KNOX SAVINGS & LOAN ASSN. v BOTZUM, et**

Ohio Appeals, 9th Dist, Summit Co

No 2970. Decided March 8, 1938

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, and Murray S.

Parker, Akron, for appellant.

John C. Frank, Akron, and Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

## OPINION

By DOYLE, J.

The controlling facts adduced in the Court of Common Pleas, stated succinctly, are as follows:

On the 11th day of January, 1923, Chas. C. Botzum executed and delivered to Chas. C. Esselburn his promissory note in the amount of $5,000. Thereafter, on the 8th day of February, 1923, Esselburn, for a sufficient consideration, endorsed and delivered the said promissory note to The Knox Savings and Loan Assn., of Mt. Vernon, Ohio, which, by the endorsement and delivery thereof, became a bona fide holder for the value of the instrument.

Some time after the filing of the second amended petition below, upon which the case was tried, but before the trial, The Knox Savings and Loan Assn. was converted into a federal savings and loan association, and its name changed to The First Federal Savings & Loan Assn. of Mt. Vernon, Ohio.

The note referred to is in the following language:

"$5000.00      Akron, Ohio, Jan. 11, 1923
"Two or three years after date, I promise to pay to the order of Chas. Esselburn, Five Thousand Dollars.
"Value received. Payable at his office, Akron, Ohio, with interest at seven per cent. per annum, payable semi-annually. If any interest remain unpaid for ten days after it becomes due, then the principal and interest shall bear interest at the rate of eight per cent. per annum, payable semi-annually from the date of such default, and said principal and interest shall become due and payable at the option of the holder hereof. In case of sale or transfer of the property upon which this mortgage is made, the mortgage becomes due and payable at the option of the holder thereof.
                "Charles C. Botzum."

The endorsement on the note is in the following language:

"Pay to the order of The Knox Savings & Loan Association of Mt. Vernon, Ohio, waiving demand and notice of nonpayment.
"Chas. Esselburn, By
"Geo. H. Ellis, Atty. in fact."

Botzum mortgaged his real estate to Esselburn, to secure the note. This mortgage was assigned to the Knox Savings & Loan Assn. coincident with the endorsement of the note.

At the time of the maturity of the note and subsequent thereto, the partnership of which Esselburn was a member, i. e., Esselburn and Ellis, was operating under an agreement with the Knox Savings and Loan Assn. to service certain mortgages which had been sold to the said savings and loan association by the partnership. The note and mortgage in the instant case were among the securities to be serviced. The service agreement comprehended the collecting and remitting, for the account of the savings and loan association, of installments of interest and payments of principal on notes and mortgages, the negotiating of renewals of mortgage securities, keeping mortgaged property insured, and seeing that the taxes on such property were paid. The agreement also included the promise to defray all expenses incident to the servicing of such papers

and the foreclosure of mortgages in the event such course should be necessary.

Upon the date of maturity of the note and mortgage, Esselburn, acting under the so-called service contract, entered into the following extension agreement with Botzum, the maker of the note, which is the subject of the instant controversy:

"ESSELBURN & ELLIS
"Loans, Real Estate and
Fire Insurance
KNOX SAV. & LOAN ASSN.
Established 1889

"Akron, Ohio, Jan. 11th, 1926.
"This memorandum witnesseth, that I, Chas. Esselburn, as owner, or agent of the owner, and for a valuable consideration, do hereby extend for the term of three years, from January 11th, 1926, to January 11th, 1929, the time of payment of that certain promissory note and mortgage executed and delivered by Chas. C. Botzum for the principal sum of Five Thousand Dollars ($5000.00) and dated January 11th, 1923, without, however, waiving or modifying any of the terms, conditions and covenants set forth in said note and mortgage, which remain the same, except the rate of interest which shall hereafter be seven per annum, payable in the manner provided in said note and mortgage. I also hereby agree to pay $50 or $100 on the principal during the period of this renewal at some interest-bearing period.

"Chas. C. Botzum.
"Chas. Esselburn, Agent
for the Holder of the
Mortgage."

The issue to be determined in the present litigation is whether there had been a "presentment," or a waiver of presentment, within the meaning of the Code, thus establishing a prima facie case against Esselburn in favor of The Knox Savings & Loan Assn. on his endorsement of the note.

At the close of the evidence introduced on behalf of the plaintiff, The First Federal Savings & Loan Assn., by conversion from The Knox Savings & Loan Assn., the defendant Esselburn moved the court for judgment in his favor.

That motion, in the nature of a demurrer to the evidence, was sustained by the court, and judgment was entered for the said defendant.

The plaintiff has brought this appeal on questions of law from the judgment of the Court of Common Pleas.

It is conceded that there was no presentment of the note to the maker, Botzum, at any time, nor was notice of its dishonor given to Esselburn by The Knox Savings & Loan Co. It is urged by Esselburn that the waiver of "demand and notice of nonpayment" which appears in the endorsement does not constitute a waiver of presentment.

The members of this court do not think that it is necessary to pass upon that contention, for the reason that the evidence shows that, at the time the note was negotiated, Esselburn, for a consideration, agreed to service it, and in pursuance thereto, previous to the maturity date of the note, in the capacity of agent of The Knox Savings & Loan Co., negotiated with the maker, Botzum, for an extension of the time for payment, and contracted in relation thereto, as fully set forth supra.

We are of the opinion that under these circumstances Esselburn waived presentment of the instrument for all time, and that such waiver makes him a prima facie guarantor of the paper.

We do not consider in this action the other defenses pleaded but which were not tried. We are concerned in this case only with the judgment rendered for the defendant Esselburn at the conclusion of the plaintiff's evidence.

Judgment reversed and cause remanded.

STEVENS, PJ, and WASHBURN, J, concur.